**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **STEVE ALLEN KEEL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1503-R** |
| | ) | |
| **ABONIS AL-BOTROS, et al.,** | ) | |
| | ) | |
| **Defendant(s).** | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff, appearing *pro se*, filed a Complaint for Violation of Civil Rights with this Court. (Doc. 1). He is a detainee at the Moore Detention Center in Okmulgee, Oklahoma. (*Id.* at 2). United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), and (C). (Doc. 6). For the following reasons, the undersigned recommends that the Court **DISMISS** this action without prejudice to the re-filing.

## I. Discussion

Plaintiff filed this action in the United States District Court for the Eastern District of Texas on June 15, 2026. (Doc. 1). The matter was transferred to this Court on June 23, 2026. (Doc. 3). On June 25, 2026, the Court entered an Order to Plaintiff to Cure Deficiencies because Plaintiff had not paid the filing fee or filed an *in forma pauperis* ("IFP") motion (motion to proceed without prepayment of fees or costs). (Doc. 7). Plaintiff filed an Application to Proceed IFP on July 16, 2026. (Doc. 9). On July 17, 2026, the Court entered a Second Order to Plaintiff to Cure Deficiencies because the Application was

missing financial information and/or signature of an authorized officer of the penal institution and because it was missing a certified copy of the statement of Plaintiff's institutional accounts. (Doc. 10). On August 5, 2026, Plaintiff filed a second Application for Leave to Proceed IFP. (Doc. 12). On August 21, 2026, the Court entered a Third Order to Plaintiff to Cure Deficiencies because Plaintiff did not sign the second Application and because the statement of Plaintiff's institutional accounts was not certified.[1] (Doc. 13). Plaintiff was ordered to cure his deficient IFP Application by September 11, 2026. (*Id.* at 2). The Court further advised Plaintiff that "[f]ailure to comply with this Order may result in the dismissal of this action." (*Id.*) Plaintiff was provided the necessary forms to allow him to comply with the order. (*Id.*)

A review of the court file indicates that as of this date, Plaintiff has failed to cure his IFP Application. Furthermore, he has failed to show good cause for his failure to do so, or to request an additional extension of time to comply with the Court's order.

Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action if the plaintiff "fails to prosecute or to comply with these rules or a court order." *See also Huggins v. Supreme Court of the United States*, 480 F. App'x 915, 916-17 (10th Cir. 2012) (recognizing court's authority to dismiss actions *sua sponte* under Rule 41(b)). If the dismissal is without prejudice, the court generally need not follow any "particular procedures" in entering the dismissal order. *AdvantEdge Bus. Grp. v. Thomas E.*

[1] The Court noted that Plaintiff represented that the "jail refused to fill out and sign" the certification section. (Doc. 13, at 1). The Court advised that Plaintiff may show the order to jail staff to obtain the required certification. (*Id.*at 1-2). Further, the Court directed the Clerk of Court to send a copy of the Order to the jail. (*Id.* at 2).

*Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009); *see also Robledo-Valdez v. Smelser*, 593 F. App'x 771, 775 (10th Cir. 2014) (explaining that a district court may, without abusing its powers, dismiss a case without prejudice pursuant to Fed. R. Civ. P. 41(b) without attention to any particular procedures).

A plaintiff's failure to comply with court orders leaves the court unable "to achieve orderly and expeditious" resolutions to the actions before it. *Link v. Wabash R.R.*, 370 U.S. 626, 629-31 (1962) (discussing the inherent power of a court to dismiss suits for lack of prosecution on its own initiative); *see also Rogers v. Ganja*, 47 F. App'x 900, 901 (10th Cir. 2002) ("Since [Plaintiff] received proper notice of the IFP requirements and sufficient time to cure, the district court did not abuse its discretion in dismissing the complaint without prejudice.").

Therefore, in light of the court's right and responsibility to manage its cases, the undersigned finds that Plaintiff's failure to comply with the court's order warrants dismissal of this action without prejudice. As outlined above, the court has provided Plaintiff sufficient notice of the possibility of dismissal, as well as an additional response opportunity through objection to this Report and Recommendation.

## II. Recommendation and Notice of Right to Object

For these reasons, the undersigned recommends that this action be **DISMISSED** without prejudice to the re-filing for Plaintiff's failure to comply with the Court's order. **Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by October 27, 2026,** in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to make a timely objection to this Report

and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge unless and until the matter is re-referred.

IT IS SO ORDERED this 6th day of October, 2026.

Amanda L. Maxfield
AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE